UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 25-cv-24393-BLOOM/Elfenbein**

ROBERTA BOBBIE O'BRIEN, MICHAEL
O'BRIEN, MYCHAEL O'BRIEN LABRECQUE,
MICHAEL LABRECQUE, and MEGHAN O'BRIEN,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD., *d/b/a*
*Royal Caribbean Group*, and CAPTAIN
JOHNNY FAEVELEN,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Royal Caribbean Cruises LTD.'s (Royal Caribbean) Motion to Dismiss ("Motion"), ECF No. [15]. Plaintiff Meghan O'Brien filed a Response in Opposition ("Response"), ECF No. [17]. Plaintiffs Roberta Bobbie O'Brien, Michael O'Brien, Mychael O'Brien Labrecque, and Michael Labrecque adopt and join Meghan O'Brien's Response, ECF No. [27]. Royal Caribbean filed a Reply in Support ("Reply"), ECF No. [20]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I. BACKGROUND**

On September 25, 2022, Plaintiffs were passengers on board Royal Caribbean's *Harmony of the Seas* cruise ship. ECF No. [1]. On the morning of September 30, 2022, Roberta Bobbie O'Brien began experiencing flu-like symptoms. *Id*. ¶ 74. After reporting her symptoms to staff, Roberta Bobbie O'Brien was directed to the infirmary where she was tested only for COVID-19, despite her "respiratory symptoms". *Id*. ¶¶ 74-75. Throughout the afternoon of September 30, 2022,

Roberta Bobbie O'Brien's condition worsened as her throat began to swell shut, "constricting her airway and eliminating her ability to speak or swallow the prescribed oral medications." *Id*. ¶ 76. Michael O'Brien called the infirmary to report his wife's worsening condition and was informed, "there was nothing more that the infirmary or its staff could do." *Id*. At that point, Meghan O'Brien disembarked to Royal Caribbean's private port facility in Labadee, Haiti to seek out "over the counter" medication. Meghan O'Brien could not source any medication either at the private port or on the *Harmony of the Seas*. *Id*. ¶¶ 77-78.

During the night of September 30, 2022, Meghan O'Brien observed her mother Roberta Bobbie O'Brien's breathing become "severely labored". She called the ship's emergency line throughout the night and received no answer. ¶ 81. On the morning of October 1, 2022, Roberta Bobbie O'Brien's throat has swollen "completely shut" and the infirmary agreed to see her. *Id*. ¶ 83. The infirmary lacked functional diagnostic equipment. The medical staff resorted to blind treatment and administered injections for allergic reactions and pain, not respiratory infections. *Id*. ¶ 84. As such, Roberta Bobbie O'Brien's bacterial pneumonia went undiagnosed and untreated. *Id*.

By the evening of October 1, 2022, Roberta Bobbie O'Brien had not consumed water for nearly 24 hours and was again transported to the infirmary due to her "severe dehydration and need for intravenous fluids." *Id*. ¶ 85. While transported, a senior Royal Caribbean officer observed Roberta Bobbie O'Brien's condition, inquired about her health, but ultimately took no action. *Id*. ¶ 86. At the infirmary, Roberta Bobbie O'Brien was "documented in severe respiratory distress." *Id*. ¶ 89. Dr. Flores informed the family she suspected Roberta Bobbie O'Brien was suffering from "acute pneumonia, lung abscess, or severe infection," but could not confirm because the ship's x-ray and diagnostic machines were not working. *Id*. ¶ 91. On October 2, 2022, Roberta Bobbie O'Brien finally disembarked and was transported by ambulance to Cape Canaveral Hospital. *Id*. ¶¶ 103,

105. At the hospital, Roberta Bobbie O'Brien was diagnosed with "bilateral pneumonia with prolonged hypoxic respiratory failure and dangerously elevated C-reactive protein levels indicating severe systemic inflammation." *Id*. ¶ 105. As such, Roberta Bobbie O'Brien required "nearly a week of hospitalization in an isolation unit in order to recover from what should have been a treatable condition if diagnosed promptly." *Id*. ¶ 107.

On September 24, 2025, Plaintiffs filed a Complaint alleging willful and wanton negligence against Royal Caribbean (Count I), willful and wanton negligence against Captain Johnny Faevelen (Count II), vicarious liability of Royal Caribbean for the willful and wanton negligence of Captain Johnny Faevelen (Count III), willful and wanton negligence against Royal Caribbean for failure to provide medical evacuation (Count IV), willful and wanton negligence against Captain Johnny Faevelen for failure to provide medical evacuation (Count V), vicarious liability against Royal Caribbean for willful and wanton negligence in failing to provide medical evacuation (Count VI), gross negligence against Royal Caribbean for comprehensive medical facility failures (Count VII), negligence against Royal Caribbean under general maritime law (Count VIII), and negligent infliction of emotional distress against Royal Caribbean (Count IX-XII).

Royal Caribbean moves to dismiss and argues the claims are time-barred by the limitation terms and conditions set forth in the Royal Caribbean Cruise Lines ticket contract. ECF No. [15] at 5. In the alternative, even if the case is not time-barred, Plaintiffs have failed to state any claim upon which relief can be granted. *Id*. at 11, 16. Plaintiffs respond that the one-year contractual limitation is unenforceable because Royal Caribbean's violations voided the cruise ticket contract. ECF No. [17] at 8.

## II.    LEGAL STANDARD

### A. Motion to Dismiss

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp.*, LLC, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

4

III.   DISCUSSION

   A. **Plaintiffs' Claims are Time-Barred by the Ticket Contract**

Courts will enforce a limitations period contained in a cruise ticket contract which limits the time frame in which an injured passenger may file suit if the "contract provided the passenger with reasonably adequate notice that the limit existed and formed part of the passenger contract." *Nash v. Kloster Cruise A/S*, 901 F.2d 1565, 1566 (11th Cir. 1990). In the Eleventh Circuit, this standard is applied using the "reasonable communicativeness" test. *See Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1244 (11th Cir. 2012) (applying the reasonable communicativeness test to a cruise ticket contract); *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (applying same to guest hotel contract). The test requires a two-pronged analysis of the physical characteristics of the clause in question and plaintiff's opportunity to review and understand the contract terms. *Id*. Thus, "[t]he reasonable communicativeness test involves 'an analysis of the overall circumstances ... of the ticket itself, but also of any extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake.'" *Lankford v. Carnival Corp.*, No. 12-24408-CIV, 2013 WL 12064497, at *4 (S.D. Fla. June 18, 2013) (quoting *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 835 (9th Cir. 2002)). "Whether the notice to passengers was reasonably adequate is a question of law." *Nash*, 901 F.2d at 1567 (citations omitted).

Under the first prong, the Court examines the term's physical characteristics, such as typeface, conspicuousness, and clarity, to determine whether the term is reasonably presented to the passenger. *Myhra*, 695 F.3d at 1245-46 (citing *Wallis*, 306 F.3d at 885-36 and *Spataro v. Kloster Cruise*, Ltd., 894 F.2d 44 (2d Cir. 1990)); *see also Roberts v. Carnival*, 824 F. App'x 825, 828 (11th Cir. 2020) ("The first factor is limited to a review of the contract itself.").

Under the second prong, the Court examines whether the passenger "had the ability to become meaningfully informed of the clause and to reject its terms." *Myhra*, 695 F.3d at 1246. This analysis includes the circumstances surrounding the passenger's purchase of the ticket, the passenger's ability and incentive to become familiar with its terms, and any other notice that the passenger received outside of the ticket. *Id*. (quoting *Wallis*, 306 F.3d at 836); see also *Lankford*, 2013 WL 12064497, at *4. Importantly, the second prong of the reasonable communicative test does not require a court to determine whether the passenger actually read the contract term in question; rather, the relevant inquiry is whether the passenger had reasonable opportunity to review that term. *See Roberts*, 824 F. App'x 828 ("[W]hether Roberts read 'the terms and conditions is not relevant to the reasonable communicativeness inquiry." (citation omitted)); *Myhra*, 695 F.3d at 1246 n.42 ("We note that whether the [plaintiffs] chose to avail themselves of the notices and to read the terms and conditions is not relevant to the reasonable communicativeness inquiry." (citation omitted)); *Kirby v. NCL (Bah.) Ltd.*, No. 10-23723-CV, 2010 WL 11556551, at *1 (S.D. Fla. Dec. 28, 2010) ("[I]t is well settled that the issue is not whether a passenger has read its ticket, but instead whether the passenger had the opportunity to read its ticket." (collecting cases)).

The second prong may be satisfied by constructive notice when a reasonable opportunity to become meaningfully informed of the contract term is provided to the passenger's agent who books travel arrangements on the passenger's behalf. *McArthur v. Kerzner Int'l Bah. Ltd.*, 607 F. App'x 845, 847-48 (11th Cir. 2015) ("[B]ecause the [plaintiffs'] trip involved travel arrangements made by the travel agent, they are charged with constructive notice of the terms and conditions in the contract the travel agent had with the [resort]."); *Kirby*, 2010 WL 11556551, at *1 (noting "[c]ourts have even held that a travel agent's possession of the ticket is sufficient to charge passengers with constructive notice of the ticket provisions" (citing *Gomez v. Royal Caribbean Cruise Lines*, 964

F. Supp. 47, 50-51 (D.P.R. 1997); *Hicks v. Carnival Cruise Lines, Inc.*, 1995 A.M.C. 281, 288–89 (E.D. Pa. 1994*); Shankles v. Costa Armatori, S.P.A.*, 722 F. 2d 861, 863-64 (1st Cir. 1983))).

    i.    First Prong – Review of Contract

Here, the Ticket Contract, the validity of which is not in dispute, contains large, bold, capital letters informing the passenger:

> **YOU ARE ESPECIALLY DIRECTED TO CAREFULLY READ AND UNDERSTAND SECTIONS 3, AND 10 THROUGH 12, AS THEY CONTAIN SIGNIFICANT LIMITATIONS ON YOUR RIGHTS TO ASSERT CLAIMS FOR PERSONAL INJURIES, ILLNESS OR DEATH, AND BAGGAGE AND PERSONAL PROPERTY LOSS OR DAMAGE, AGAINST CARRIER, THE VESSEL, RELATED ENTITIES AND THEIR OFFICERS, AGENTS AND EMPLOYEES, INCLUDING TIME LIMITS AND FORUM FOR CLAIMS AND SUITS, APPLICABLE LAW, ARBITRATION, AND WAIVER OF JURY TRIAL, CLASS ACTIONS AND IN REM PROCEEDINGS.**

ECF No. [15-1] at 12. Paragraph 11 of the Ticket Contract states:

> WITHIN SIX (6) MONTHS FROM THE DATE OF THE INJURY, ILLNESS OR DEATH AND SUIT IS COMMENCED (FILED) WITHIN ONE (1) YEAR FROM THE DATE OF SUCH INJURY, ILLNESS OR DEATH AND PROCESS SERVED WITHIN 120 DAYS AFTER FILING, NOTWITHSTANDING ANY PROVISION OF LAW OF ANY STATE OR COUNTRY TO THE CONTRARY.

To that end, Plaintiffs do not argue they lacked reasonably adequate notice, but rather that three "independent grounds void the contractual limitation period." ECF No. [17] at 9.

First, Plaintiffs argue Royal Caribbean materially breached the Ticket Contract by violating 46 U.S.C. §3509's "mandatory equipment standards." ECF No. [17] at 10. As such, Plaintiffs argue that "[u]nder basic contract principles, a party that materially breaches a contract cannot enforce provisions favorable only to itself." *Id*. However, as Royal Caribbean points out, "[t]here is no case or statutory law cited by Plaintiff to support that any alleged violation of this statute would void a limitations provision in a ticket contract." ECF No. [20] at 9.

Second, Plaintiffs argue the contract is *void ab initio* because Royal Caribbean was "actively violating 46 U.S.C. §3509 at the moment of formation." ECF No. [17] at 10. Again, Plaintiffs fail to cite to any case law or statute to support their claim that the alleged violation of 46 U.S.C. §3509 would void the entirety of the Ticket Contract.

Finally, Plaintiffs argue the contract is void for fraudulent inducement. ECF No. [17] at 11. Specifically, Plaintiffs claim Royal Caribbean's eMuster "directed passengers to medical facilities while concealing the catastrophic medical failures" and "affirmatively misrepresent[ed] the ship's medical capabilities." *Id*. at 12. As such, Plaintiffs argue that had they known the truth, they would have disembarked. *Id*. Once again, Plaintiffs fail to provide case law to support their theory that the Ticket Contract "did not execute until the *Harmony* departed at 5:00 PM on September 25, 2022." *Id*. at 11. Rather, the Ticket Contract states, "Purchase or use of this Ticket Contract, whether or not signed by the Passenger, shall constitute the agreement by Passenger, on behalf of himself and all other persons traveling under this Ticket Contract." ECF No. [15-1] at 12. As such, the contract was formed prior to the alleged fraudulent statements.

In sum, the Court finds Plaintiffs had reasonably adequate notice of the one-year limitation period contained within the Ticket Contract and therefore, this action is time-barred. Because this case is time-barred, the Court need not reach Royal Caribbean's arguments that Plaintiffs have failed to state claims upon which relief can be granted.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion**, ECF No. [15],** is **GRANTED**;
2. This case is **DISMISSED WITH PREJUDICE**;
3. The Clerk is **DIRECTED** to **CLOSE** this case.

Case No. 25-cv-24393-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 9, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record

Roberta Bobbie O'Brien
212 Whitestone Drive
Canton, GA 30115
PRO SE

Michael O'Brien
212 Whitestone Drive
Canton, GA 30115
PRO SE

Mychael O'Brien Labrecque
212 Whitestone Drive
Canton, GA 30115
PRO SE

Michael Labrecque
212 Whitestone Drive
Canton, GA 30115
PRO SE

Meghan O'Brien
212 Whitestone Drive
Canton, GA 30115
PRO SE